# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **HEATHER LEE MINOR,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**INSURANCE LINE ONE LLC**, a Florida limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Heather Lee Minor ("Plaintiff" or "Minor") brings this Class Action Complaint and Demand for Jury Trial against Defendant Insurance Line One LLC, ("Defendant" or "Insurance Line One") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") by sending telemarketing text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Heather Lee Minor is a resident of Tallahassee, Florida.

2. Defendant Insurance Line One LLC is a Florida limited liability company with its principal place of business in Margate, Florida. Defendant Insurance Line One conducts business throughout this District, Florida, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court has supplemental jurisdiction over the Florida Telephone Solicitation Act by ("FTSA") claims, as they arise out of the same telemarketing campaign as the TCPA claim.

4. This Court has personal jurisdiction over the Defendant and the venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

9. According to online robocall tracking service "YouMail," 3.8 billion robocalls were placed in July 2022 alone, at a rate of 123.1 million calls per day. www.robocallindex.com (last visited August 25, 2022).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Insurance Line One LLC is a national insurance agency and provides insurance options from various carriers to consumers throughout the U.S.[3]

14. Defendant Insurance Line One gathers personal information from the consumers to offer insurance quotes to the consumers.

15. Defendant uses automated systems to send outbound telephonic sales calls, including solicitation text messages, to hundreds if not thousands of consumers across the U.S.,

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.insurancelineone.com/about-us/insurance-companies/

3

including to consumers whose phone numbers are registered on the National Do Not Call list, seeking information to solicit insurance quotes to consumers.

16. Defendant uses autodialing tools, like Convoso's Power Dialer, to automate the process of sending solicitation text messages and cold calls to consumers en masse.

17. In 2020, Convoso published a success story on how Defendant Insurance Line One increased their telemarketing capacity by using Convoso's power dialer.[4] This report highlights several aspects of Defendant's use of automated dialers for conducting telemarketing campaigns, for instance:

- The report summary shows that Defendant operates call centers using automated dialing software placing hundreds of calls each day, including spam calls which the Defendant had knowledge of:



**Their Challenges**
- Persistent problems with former dialer software, and resulting loss in productivity
- Daily spam issues
- Former dialer wasn't dialing with the algorithm properly
- Long wait times between calls
- Time-consuming, manual tasks and processes

**Our Solution**
- Advanced Power dialer
- Dedicated CSMs to help optimize configuration
- Automate & streamline workflows
- Cut wait times
- Increase connection and contact rates
- Adjust dialing cadence [number of rings for time out] by .5 increments to find the sweet spot for running their campaigns

**Results**
- Minimal wait time between calls
- Contact rates almost tripled
- Calls per day increased from 300 to 800-900 per day
- Medicare calls increased from 200-300 per day to 600
- Positive impact on agent morale
- Call center runs smoothly
- Doubled agent seats

- Since before the publication of this report in 2020, Defendant Insurance Line One has been placing a lot of spam or unwanted calls to consumers, and that Defendant has been categorically aware of their calls being reported as spam by multiple consumers each day.

---

[4] https://3zx1kt3r5oppyef2847a39ns-wpengine.netdna-ssl.com/wp-content/uploads/2021/01/NEW_Insurance-Line-One_Customer-Success-Story.pdf

4



- Marlon Johnson, Defendant Insurance Line One's Marketing Director acknowledges using Convoso's Power Dialer to automate their telemarketing operations. Defendant uses the Power Dialer to automate placing outbound calls, emails and text messages to lists of potential consumers, automatically as soon as their leads are added to the software, and then to send telemarketing calls, texts and/or emails to those consumers on a recurring basis to follow up with those who haven't responded to the solicitations.

- Defendant has been growing their telemarketing operations since 2019, and the amount of telemarketing spam they send out has also increased proportionally, if not more.

5



- Mike Kelly, Defendant Insurance Line One's Sales Manager acknowledges using Convoso's Power Dialer to automate Defendant's telemarketing operations.



18. Multiple consumers have posted complaints online about receiving unwanted solicitation calls from Defendant Insurance Line One, for instance:

- Jeffery S ★☆☆☆☆ 01/25/2020
  They were calling me up to eight times a day. One employee told me point blank that if I didn't provide the info' they wanted, they'd continue to call until I did. I filed an FTC complaint, a complaint with my local PD, and a complaint with my states AG's office. Finally on 01/23/2020 I called the Margate Florida Police and filed a complaint with them. The MPD did in fact go to the company and told them they had to stop or face criminal harassment charges and only after that did they stop. I am in the process of filing suit against this company. [5]

---

[5] https://www.bbb.org/us/fl/margate/profile/insurance-companies/insurance-line-one-llc-0633-90043296/customer-reviews

- 
 [6]

-  [7]

-  [8]

---

[6] https://directory.youmail.com/phone?phoneNumber=8006061671
[7] https://www.google.com/search?q=insurance+line+one#lrd=0x88d904bb9a11e9f7:0x4d517cb512b95085,1
[8] *Id.*


9


11

---

[9] *Id.*
[10] *Id.*
[11] *Id.*

-  12

-  13

- 14

---

[12] *Id.*
[13] *Id.*
[14] https://www.shouldianswer.com/phone-number/8006061671

19.     In response to these calls, Plaintiff Minor brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

### PLAINTIFF MINOR'S ALLEGATIONS

20.     Plaintiff Minor is the subscriber and the sole user of the cell phone number ending with xxx-xxx-0419.

21.     Plaintiff Minor registered her cell phone number on the National Do Not Call Registry on March 4, 2022.

22.     In May 2022, Plaintiff Minor started receiving unsolicited telemarketing solicitation text messages to her cell phone from Defendant Insurance Line One using the phone number 954-833-0234 seeking information to offer health insurance quotes to her, using automated systems to send recurring text messages, using multiple scripts to pick from.

23.     Plaintiff received unsolicited telemarketing text messages from Defendant Insurance Line One's employee Lauren, addressed to someone named Melvin Johnson, on:

- Sunday, May 22, 2022, at 2:25,
- May 23, 2022, at 2:40 PM, and again on
- Sunday May 29, 2022, at 3:40 PM.



24. Plaintiff Minor did not request health insurance quotes or information from the Defendant, and never consented to receiving telemarketing text messages from or on behalf of the Defendant.

25. On calling the phone number, 954-833-0234, from which the Defendant sent the solicitation text messages to the Plaintiff's cell phone, it is answered by an automated voice message which states, "Your call is important to us. Please wait and we'll connect you to the next available agent." The call is put on hold for some time and it eventually disconnects without any answer.

11

26. On texting the phone number, 954-833-0234, using keywords like, HELP and CALL, instant predefined responses are received, showing that this phone number has been setup to use as an automated texting phone number by Defendant.



27. Defendant, and/or the telephone solicitor who sent the telemarketing text messages to Plaintiff Minor's cell phone failed to identify the company name in two of the text messages, and she also failed to identify her full name in all the text messages.

28. Defendant provided a callback number, 833-258-6257, in two of the telemarketing text messages sent to the Plaintiff. On calling this phone number, it is answered by the same automated voice message as the previous phone number.

29. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Minor, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and the Florida Telephone Solicitation Act, Fla. Stat. 501.059, which prohibit sending unsolicited telemarketing calls and text messages to cell phone numbers that are registered

on the DNC, and without identifying the full name of the telephone solicitor and the name of the company on whose behalf the solicitation was sent.

## CLASS ALLEGATIONS

31. Plaintiff Minor brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Insurance Line One or an agent acting on Defendant's behalf, texted more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for the same purpose Defendant texted the Plaintiff.
>
> **Autodial Class:** All persons in the United States, who, on or after July 1, 2021, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) to and/or from Florida, (3) using the same equipment or type of equipment utilized to call Plaintiff.
>
> **Unidentified Telephone Solicitor Class:** All persons in the United States, who, on or after July 1, 2021, (1) received an unsolicited telephonic sales call from or on behalf of the Defendant, (2) to and/or from Florida, (3) in which the solicitor failed to identify their own first and last names, and/or the name of the business on whose behalf the solicitation call was placed.

32. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Minor anticipates the need to amend the Class definitions following appropriate discovery.

33. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant placed multiple text messages to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to send the text messages;

   (b) whether Defendant used automatic dialing software to send the solicitation text messages to Plaintiff and members of the Autodial class;

   (c) whether Defendant sent telemarketing text messages, to Plaintiff and members of the Unidentified Telephone Solicitor Class, without identifying the first and last names of the solicitor who sent the text, and/or the name of Defendant's business;

   (d) whether Defendant's conduct violated the TCPA and/or FTSA; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

36.     **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Minor. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Minor and the Do Not Call Registry Class)**

37.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

38.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

15

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

40. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

42. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Minor and the Autodial Class)**

43. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint and incorporates them by reference.

44. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against the Defendant.

45. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

46. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

47. Defendant failed to secure prior express written consent from Plaintiff and members of the Autodial Class.

48. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Autodial Class members without Plaintiff's and the Class members' prior express written consent.

49. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

50. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*

**THIRD CLAIM FOR RELIEF**
**Violation of the Florida Telephone Solicitation Act,**
**(Violations of the Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Minor and the Unidentified Telephone Solicitor Class)**

17

51. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint and incorporates them by reference herein.

52. Plaintiff brings this claim individually and on behalf of the Unidentified Telephone Solicitor Class Members against Defendant.

53. The FTSA requires "any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number" to mandatorily "identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

54. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

55. In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to the Plaintiff, and other members of the Unidentified Telephone Solicitor Class.

56. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Minor requests a jury trial.

**HEATHER LEE MINOR**, individually and on behalf of all others similarly situated,

DATED this 25th day of August, 2022.

By: /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
(877)333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com

KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*